GkeeN, Judge,
delivered the opinion of the court:
The plaintiff was at the time involved a second lieutenant in the United States Marine Corps serving in China and without dependents. The force to which he was attached was.not operating against any enemy.
For five days he occupied a room with another. officer at ■the Officers’ Club in Shanghai, China, but, this room being given to another officer, plaintiff moved out and took a smaller room in the attic of the building. At the end of two days because he considered the attic room too hot and •uncomfortable, he voluntarily vacated this room and rented, *126 at Ms own expense, an apartment in which he lived for the remainder of the period involved. He claims full rental allowance for all of this time.
The case is on the border line by reason of the lack of definite evidence but on the whole we think it does not appear that the room which the plaintiff was finally allowed to occupy could be called quarters in any proper sense. It was an attic room in a city which the court will take judicial notice is located in a region having a warm climate. The plaintiff considered the room too hot and uncomfortable for habitation. We think that the fact that he voluntarily gave up the room on that account and paid a substantial sum for other quarters is some evidence that the room in the Officers’ Club which he last occupied could not properly be called quarters within the statutory meaning.
The plaintiff was not actually assigned quarters and in some of our former decisions we have held that where the officer did not incur any expense by reason of the failure to assign him quarters, this fact may be considered in denying Mm relief. But here the officer did, in fact, incur expense and we think we can infer he would not have done so if the room he last occupied was reasonably suited for quarters.
The plaintiff was entitled to two rooms. He received one for a few days in company with another officer. This was not adequate and proper quarters in any sense and we do not think any charge should be entered against him by reason thereof. The occupation of the attic room only resulted in Ms being required to move again and for practical purposes he was in a position of an officer who had received no quarters at all.
It follows that plaintiff is entitled to recover the full rental allowance for the period involved which is seventy-six dollars ($76.00) and judgment in his favor will be rendered accordingly.
It is so ordered.
Madden, Judge; Jones, Judge; Whitaker, Judge; and Littleton, Judge; concur.